FILED
2024 Sep-26  AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **DAVE WESSELDYK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. - _____** |
| **v.** | ) | |
| | ) | |
| **THE INTERNATIONAL** | ) | |
| **MOTORSPORTS HALL OF FAME** | ) | **Jury Trial Demanded** |
| **FOUNDATION, an Alabama Domestic** | ) | |
| **Non-Profit Corporation, and** | ) | |
| **MIKE RAITA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES Plaintiff, David Wesseldyk, and for his Complaint against Defendants The International Motorsports Hall of Fame Foundation and Mike Raita states:

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff, David Wesseldyk, (hereinafter "Wesseldyk"), is an individual residing in the State of Michigan.

2.      Defendant The International Motorsports Hall of Fame Foundation, (hereinafter "IMHOF") is an Alabama, Domestic Non-Profit Corporation engaged in the business of operating the International Motorsports Hall of Fame Museum in Talladega, Alabama, including but not limited to the hiring of an executive director

empowered to advertise, negotiate, and consummate the donation to and sale by IMHF of various property, including but not limited to the subject race boat known as the Gentry Turbo Eagle #9.

3. Defendant Mike Raita (hereinafter, "Raita"), is a resident of the State of Alabama who, for all purposes material and relevant herein was acting within the scope of his employment as Director of the International Motorsports Hall of Fame Foundation.

4. There is personal jurisdiction over IMHOF and Raita in Alabama.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the damages in controversy in this case amount to more than Seventy Five Thousand  and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

## GENERAL ALLEGATIONS

6. Prior to August 10, 2022, Plaintiff Wesseldyk became aware of a race boat known as the "Gentry Turbo Eagle #9" that Defendant IMHOF was advertising for sale.

7. In its public advertisement of the Gentry Turbo Eagle #9, Defendant IMHOF represented it to be "a 1983 Cougar Cat customized by American Eagle Marine for offshore powerboat racing. Powered by 4 – 1250 HP (4 -4 8cylinder twin

2

turbos) inboard racing engines coupled to 2 Gentry custom built surface piercing chain drives…. The engines were rebuilt after it was retired from racing. The boat comes with an extra Gentry surface drive as well… the trailer alone was appraised at 100,000."

8.     Just prior to August 10, 2022, Plaintiff Wesseldyk visited the IMHOF facility in Talladega, Alabama where IMHOF representatives allowed him to externally view the Gentry Turbo Eagle #9 which appeared from its surface to be the intact racing boat Defendant IMSHF represented in its advertisement.

9.     On August 10, 2022, Defendant IMHOF's Executive Director, Mike Raita, emailed Plaintiff Wesseldyk copies of the following: May 15, 1998 Bill of Sale memorializing the donation of the Gentry Turbo Eagle #9 by Norman Gentry and/or The Gentry Coporation to IMHOF; the May 8, 1998 Marine Survey by Gary Lambert, S.A., Marine Surveyor SAMS; list of the boat's racing accomplishments indicating the boat to be a unique, historical vessel, and indicating he looked forward to "discussing further the possibi8lity of striking a deal."

10.     That the said documents emailed by IMHOF's Raita to Wesseldyk on August 10, 2022 represented, among other specifics, the Gentry Turbo Eagle #9  to be a "1983 50' Cougar Cat…powered by four (4) 1,250 hp Gentry Turbo inboard gasoline engines coupled to two (2) Gentry custom-built surface piercing chain

drives," and that the "General Condition" at the time of donation to Defendant IMSHF was "new condition….At the time of the survey, the vessel was in racing condition."

11.    That on September 6, 2022, the ten thousand dollar ($10,000.00) purchase price negotiated by IMHOF's Executive Director, Mike Raita for the sale of the Gentry Turbo Eagle #9 to Wesseldyk was memorialized by a Bill of Sale Agreement signed by the parties (See Plaintiff's Exhibit A attached hereto).

12.    That during said negotiations and at the time that the contract for the sale of the Gentry Turbo Eagle #9 was entered into, it was within the parties' knowledge and contemplation that Wesseldyk is an experienced race boat and race boat engine rebuilder and would be purchasing an intact boat and engines for the purpose of restoring same for a profitable resale.

13.    That Wesseldyk's check for $10,000 payment to IMHOF and Raita for his purchase of the Gentry Turbo Eagle #9 was sent by USPS on September 6, 2002 and received by IMHOF soon thereafter which then cashed or deposited it.

14.    That on or about September 25, 2022, the Gentry Turbo Eagle #9 was delivered to Wesseldyk to his place of business in Jenison, Michigan where he checked the engines and drives for the boat and discovered that one of the engines had no internal parts and that the drives lacked parts including chains and sprockets.

4

15.    On October 21, 2022, Wesseldyk was able to disassemble the boat and determined that all three engines had no internal parts.

16.    That IMHOF and Raita were advised contemporaneously of Wesseldyk's discoveries of the fraud and no attempt at covering the damages caused thereby was attempted by IMHOF or Raita.

## COUNT I

## STATUTORY AND COMMON LAW FRAUD/DECIET IN THE INDUCEMENT TO CONTRACT FOR SALE OF GOODS, MATERIAL MISREPRESENTATION AND/OR OMMISSION OF MATERIAL FACTS

### (Defendants IMHOF and Raita)

17.    Defendants in their advertisement, negotiation, contract and sale of the Gentry Turbo Eagle #9 made false representations of material, existing fact as follows:

a.    That the Gentry Turbo Eagle #9 was in racing condition at the time of its donation and had not been disassembled during Defendant's ownership and possession of it;

b.    That, as such, the Gentry Turbo Eagle #9 had 4 – 1250 HP, 8 cylinder twin turbo inboard racing engines that had been entirely rebuilt with zero hours on them, coupled to 2 Gentry custom built surface piercing chain drives;

c.    That the boat was in new condition at the time of its donation to the IMHOF;

d.    That the boat possessed four unique Gentry Turbo engines that had been rebuilt after the boat had been retired after racing;

5

e.      That the boat possessed two Gentry custom built surface piercing chain drives;

f.      That at the time the boat had been donated to IMHOF it had an estimated present day market value of $1,100,000.00.

18.    That upon the September 25, 2022 delivery of the unique, historical race boat to Wesseldyk, it was discovered after some disassembly that some internal parts of one of the engines had no internal parts and the drives were missing their chains and sprockets.

19.    That on October 21, 2022, Wesseldyk was able to disassemble the remaining three engines and drive, confirming a total lack of internal parts for the four engines and two drive systems.

20.    That Defendants were notified by Wesseldyk on September 25, 2022 and October 21, 2022 contemporaneous to his discovery of the fraud.

21.    That Defendants' representations to Wesseldyk were false.

22.    That Defendants' false representations to Wesseldyk concerned material existing facts.

23.    That Defendants knew its material misrepresentations of material existing fact were false when made or were made recklessly and without regard to their truth or falsity;

24.    That under the circumstances Wesseldyk reasonably relied upon

6

Defendants' false representations to his detriment and damage.

As a direct and proximate result of Defendants' said fraud, deceit and misrepresentations, Wesseldyk sustained losses totaling in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00) as follows:

a. Loss of contractual expectations, benefit of the bargain and profits;

b. Loss resulting from his general or particular requirements and needs which the defendants at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise - that the boat's internal engine and drive parts must be present upon the boat's delivery to Wesseldyk;

c. Loss of profits from lost future sale of the boat after Wesseldyk's restoration of same;

d. Other consequential and incidental damages;

e. Legal expenses, attorney fees, court costs and litigation expenses incurred;

25. That the said damages suffered by Wesseldyk were not only reasonably foreseeable as a probable consequence of Defendants breach of duties to disclose material facts, but are all said damages which flow naturally, directly and necessarily from Defendants' omission and misrepresentation of material fact, wrongful acts and are the legal and natural consequence of same.

26. As a direct and proximate result of Defendants' breach of duty to disclose, fraud, deceit, misrepresentation and omission of material fact, Plaintiff

Wesseldyk sustained damages in an amount exceeding Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

WHEREFORE, Plaintiff, David Wesseldyk, respectfully requests judgment against Defendants, International Motorsports Hall of Fame Foundation and Mike Raita in an amount exceeding Seventy-Five Thousand and 00/100 Dollars ($75,000.00), together with punitive damages, statutory costs, judgment interest and attorneys fees allowed by law.

## COUNT II

## COMMON-LAW AND STATUTORY BREACH OF IMPLIED AND EXPRESS WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

### (Defendants IMHOF and Raita)

27.    Plaintiff incurred damages as alleged herein, as a direct and proximate result of Defendants', IMHOF's and Raita's, breach of implied and express warranties.

28.    Defendants IMHOF and Raita are merchants in the trade of buying and selling collector race boats and automobiles and the transaction at issue involves a sale of goods.

29.    Defendants, IMHOF and Raita at the time that they advertised, negotiated and entered into said contract with Wesseldyk, knew or had reason to

8

know of the particular purpose for which he was purchasing the Gentry Turbo Eagle #9 race boat: i.e. that Wesseldyk would restore the intact boat for purposes of his reselling it for profit.

30. Defendants IMHOF and Raita, at the time that they advertised, negotiated and entered into said contract with Wesseldyk, knew or had reason to know that Wesseldyk, as buyer, was relying on Defendants's knowledge, representations, certified marine survey and knowledgeable history of the subject race boat to meet Wesseldyk's requirements in his purchase of it.

31. Defendants, IMHOF and Raita, expressly and/or impliedly warranted that the Gentry Turbo Eagle #9 was of merchantable quality and fit for its intended, particular purpose.

32. The defective boat, with its missing, internal component engine and drive parts that it sold was not merchantable and was unfit for its intended, particular purpose, as follows:

   a. That the Gentry Turbo Eagle #9 was never in racing condition at the time of its donation and/or had been disassembled during Defendants' ownership and possession of it prior to its sale and delivery to Wesseldyk;

   b. That, as such, the Gentry Turbo Eagle #9 did not have 4 – 1250 HP, 8 cylinder twin turbo inboard racing engines that had been entirely rebuilt with zero hours on them, coupled to 2 Gentry custom built surface piercing chain drives…

c. That the boat was not in new condition at the time of its donation to the IMHOF nor when advertised, sold and delivered to Wesseldyk;

d. That the boat did not possess the four, rebuilt, unique Gentry Turbo engines at the time of its donation to the IMHOF nor when advertised, sold and delivered to Wesseldyk;

e. That the boat did not possess two Gentry custom built surface piercing chain drives at the time of its donation to the IMHOF nor when advertised, sold and delivered to Wesseldyk;

f. That at the time the boat had been donated to IMHOF it either did not have an estimated present day market value of $1,100,000.00 or else was not worth anywhere near such amount after the internal engine and drive components had been removed by Defendants and/or before its sale and delivery to Wesseldyk.

33. As a direct and proximate result of the breach of warranties by the Defendants Plaintiff Wesseldyk sustained damages in an amount exceeding Seventy-Five Thousand and 00/100 Dollars ($75,000.00) as follows:

a. Loss of contractual expectations, benefit of the bargain and profts;

b. Loss resulting from his general or particular requirements and needs which the defendants at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise - that the boat's internal engine and drive parts must be present upon the boat's delivery to Wesseldyk;

c. Loss of profits from lost future sale of the boat after Wesseldyk's restoration of same;

d. Other consequential and incidental damages;

e. Legal expenses, attorney fees, court costs and litigation expenses incurred;

10

WHEREFORE, Plaintiff, David Wesseldyk, respectfully requests judgment against Defendants, International Motorsports Hall of Fame Foundation and Mike Raita in an amount exceeding Seventy-Five Thousand and 00/100 Dollars ($75,000.00), together with punitive damages, statutory costs, judgment interest and attorneys fees allowed by law.

## COUNT III

## BREACH OF CONTRACT
### (Defendants)

34.    Plaintiff and Defendants executed agreements as more specifically defined herein and attached as Exhibit A.

35.    Defendants breached those agreements, and Plaintiff has been damaged as a result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants for compensatory damages, interest, attorney's fees and costs of court, and any other damages to which he is entitled under the law.

**Plaintiff demands a trial by struck jury on all claims.**

Respectfully submitted,

/s/ *Jonathan D. Gilbert*
John G. Dana (ASB-0493-A52J)
Jonathan D. Gilbert (ASB-6768-A13S)
Robert J. Sewell (ASB-0668-j93f)
Clayton M. Hughes (ASB-1907-A82L)
*Attorneys for Plaintiff*

**OF COUNSEL:**
GORDON, DANA & GILMORE, LLC
600 University Park Place, Suite 100
Birmingham, Alabama 35209
Telephone: (205) 874-7950
Facsimile: (205) 874-7960
jdana@gattorney.com
jdgilbert@gattorney.com
jsewell@gattorney.com
chughes@gattorney.com

## CERTIFICATE OF SERVICE

I certify that on September 25, 2024, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system.

/s/ *Jonathan D. Gilbert*
OF COUNSEL

## SERVE DEFENDANTS BY PROCESS SERVER

The International Motorsports Hall Of Fame
c/o W B Megehee Jr., Registered Agent
NORTH SPRING ST OFFICE COLONY
TALLADEGA, AL
*From Alabama Secretary of State Website

The International Motorsports Hall of Fame Foundation
3198 Speedway Blvd
Lincoln, AL 35096

The International Motorsports Hall of Fame Foundation
215 Bednash Dr
Talladega, AL 35160

Mike Raita
3000 River Chase, Suite 915
Hoover, AL 35244